UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VOLTAGE PICTURES, LLC, a California Limited Liability Company, and DALLAS BUYERS CLUB, LLC, a Texas Limited Liability Company, | Case No.: 3:14-CV-1242-AC |
| | OPINION AND ORDER |
| Plaintiffs, | |
| v. | |
| DOE-50.76.100.253, | |
| Defendant. | |

ACOSTA, Magistrate Judge:

*Introduction*

On August 6, 2014, the court granted the *Ex Parte* Motion to Expedite Discovery filed by

plaintiffs Voltage Pictures, LLC, and Dallas Buyers Club, LLC (collectively the "Plaintiffs"), to

determine the identity of the account holder assigned to IP address 50.76.100.253. The discovery

revealed a corporation, MyBinding.com, held the IP address. Plaintiffs now seek leave to obtain

additional non-party discovery from MyBinding.com with the ultimate goal of obtaining the identity of the individual responsible for the infringing activity alleged in the complaint.

*Preliminary Procedural Matter*s

I.  Filing of Reply Brief

Plaintiffs filed a Reply in Support of Continued Non-Party Discovery (the "Reply Brief"). In the Reply Brief, Plaintiffs expressed confusion over whether their Motion for Continued Non-Party Discovery (the "Motion") is properly characterized as a discovery motion and advised the court that if the Motion is, in fact, a discovery motion, they would move for leave to file a reply to the Motion.  The court finds the Motion is a discovery motion, views Plaintiffs' discussion as a motion for leave to file the Reply Brief, and grants such motion.

II.  Request for Expedited Hearing

Plaintiffs request an expedited hearing in the caption of their Motion and Reply Brief. However, Plaintiffs subsequently represented to the court they intended to request an expedited ruling, not an expedited hearing.  Accordingly, the court denies Plaintiffs' request for an expedited hearing as moot.

*Legal Standard*s

Federal Rule of Civil Procedure 26(d) provides:

[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

FED. R. CIV. P. 26(d)(1).  Federal Rule of Civil Procedure 45 authorizes the issuance of a subpoena to command a nonparty to attend and testify at a deposition or produce designated documents,

electronically stored information, or tangible things in its possession, custody or control. FED. R. CIV. P. 45(a)(1)(A)(iii). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." FED. R. CIV. P. 54(d)(1).

*Discussion*

In the Motion, Plaintiffs seek leave to issue a subpoena to MyBinding.com:

> for records related to employee scheduling for January 2014 through August 2014 and to permit plaintiffs to notice an FRCP 30(b)(6) deponent for information related to employee schedules, employee access and use of computers, BitTorrent activity on any subscriber business computer, and all steps taken in response to the notice of plaintiffs' suit which resulted in the termination of infringing activity.

(Pls.' Mot. for Continued Non-Party Disc. ("Pls.' Mot.") at 2). Plaintiffs further "support" a directive from the court requiring the parties to meet and confer to "narrow and target discovery to avoid any unnecessary discovery or burden and permit the identification of the infringing defendant with nominal impact" to MyBinding.com. (Pls.' Mot. at 2.) Plaintiffs believe, based on the dates of the infringing activity and the cessation of the activity shortly after notice of this action was likely received by MyBinding.com, the infringer is an employee of MyBinding.com and the discovery requested will reveal the identity of the infringing employee. MyBinding.com objects to the non-party discovery on three grounds:

    1) Plaintiffs failed to confer under LR 7-1;

    2) The identification of MyBinding.com as the subscriber assigned the relevant IP address eliminates the need for discovery to determine the identity of the Doe defendant; and

    3) The motion is substantively deficient.

I.  Conferral under LR 7-1

The court's local rules require, as a condition of filing a motion, the moving party to certify that the parties made a good faith effort to resolve their dispute and could not do so, or that one party willfully refused to confer, and to so certify.  LR 7-1(a).  The purpose of Local Rule 7-1 is to encourage parties to confer and resolve disputes amicably whenever possible, thus preserving judicial resources for only those disputes that truly require court intervention.  *Thompson ex rel. Thorp Family Charitable Remainder Unitrust v. Federico*, 324 F. Supp. 2d 1152, 1172 (D. Or. 2004).

In the Motion, Plaintiffs represent they conferred with MyBinding.com's legal counsel and MyBinding.com declined to cooperate with Plaintiffs' attempts to obtain the identity of the infringing party.  Plaintiffs provided MyBinding.com's counsel with a copy of the Motion and represent the parties continue to confer pending a ruling on the Motion.

Counsel for MyBinding.com concedes the parties initiated discussion regarding the proposed discovery, but that he requested a copy of the proposed discovery to allow him to evaluate its propriety.  Once Plaintiffs advised him of the Motion, he stated he would speak with his client and report back.  Plaintiffs filed the Motion later that day, allegedly depriving MyBinding.com of the ability to respond to the Motion informally before the Motion was filed.

While Plaintiffs filed the Motion the same day it initiated conferral with MyBinding.com on the Motion, the parties had engaged in discussions regarding the desired discovery and MyBinding.com had not indicated it would cooperate with Plaintiffs.  In fact, in the Reply Brief Plaintiffs represent that on September 23, 2014, nearly a week before the motion was filed, MyBinding.com advised Plaintiffs that "[a]t this time, we are unable to collaborate with you

concerning the proposed discovery." (Pls.' Reply in Supp. of Continued Non-Party Disc. ("Pls.' Reply") at 3.)

Plaintiffs' failure to give MyBinding.com additional time to consider and informally respond to the Motion, in light of the previous conferral on the subject of the Motion and MyBinding.com's current opposition to the Motion, did not violate the intent of LR 7-1. MyBinding.com's request to deny the Motion for lack of conferral under LR 7-1 is denied.

## II.  Identification of Doe Defendant

Plaintiffs have determined the identity of the subscriber associated with the relevant IP address. However, they have not determined the identity of the individual responsible for the infringing conduct identified in their complaint. In its opposition, MyBinding.com asserts the Plaintiffs "should not be permitted to take any further discovery unless MyBinding.com is named as a Defendant." Plaintiffs represent in the Reply Brief that MyBinding.com advised them that any employee engaging in the alleged infringement did so outside of the course and scope of employment, such conduct is in violation of company policy, and any attempt to add MyBinding.com as a defendant will be at plaintiffs' "peril." (Pls.' Reply at 2.)

The Ninth Circuit allows a plaintiff to engage in discovery to identify Doe defendants when the identity of such defendants is not known prior the filing of a complaint. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). This applies equally to plaintiffs who have failed to identify any defendant and must, therefore, engage in non-party discovery to determine the identity of the proper defendants. *Cottrell v. Unknown Correctional Officers, 1-10*, 230 F.3d 1366, 1366 (9th Cir. 2000)("The district court erred when it concluded that discovery would not uncover the identities of the defendants because there were no named defendants to serve in this case. Federal Rule of

Civil Procedure 26(d) allows the district court to order discovery early in the case and Rule 45 allows

service of a subpoena on a non-party.")

MyBinding.com's statements regarding its own liability for the infringing conduct makes

clear that Plaintiffs have not yet identified their Doe defendant. MyBinding.com's implied threat

to Plaintiffs should they name MyBinding.com as a defendant in this action reveals that

MyBinding.com is of the same opinion. Accordingly, additional non-party discovery is appropriate.

III.  Substantial Deficiencies

MyBinding.com is correct -- Plaintiffs have not provided the court with a copy of the

proposed discovery. However, Plaintiffs have described in detail the discovery they seek in the body

of the Motion. This is sufficient to apprise the court of the scope of the proposed discovery.

Additionally, Plaintiffs support an order from the court directing the parties to confer to narrow and

target discovery to avoid unnecessary burden on MyBinding.com while allowing identification of

the infringing defendant, indicating the scope of the proposed discovery is somewhat in flux. Any

objection MyBinding.com has to the scope of discovery may be addressed either in the conferral

process or with a motion to quash, should the parties fails to agree on the scope of discovery.

*Conclusion*

Plaintiffs' *ex parte* motion (#11) for continued non-party discovery and implied motion to

file the Reply Brief are GRANTED.

DATED this 6th day of October, 2014.


                                                  /s/ John V. Acosta
                                                  JOHN V. ACOSTA
                                                  United States Magistrate Judge